UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :

v.                                :          25-MJ-185

RENITA LATISHA MCINTYRE          :

**RESPONSE TO GOVERNMENT'S MOTION TO DISMISS WITHOUT PREJUDICE**

The government has moved to dismiss charge against Renita Latisha McIntyre pursuant to Federal Rule of Criminal Procedure 48(a) without prejudice. The government's strategic choice to dismiss the charge here so that it can bring charges in a more favorable venue is exactly the gamesmanship that amounts to objective prosecutorial harassment under Rule 48(a). The Court, therefore, should dismiss the charge with prejudice. Similarly, the Speedy Trial Act requires dismissal with prejudice.

**ARGUMENT**

**I.    Rule 48**

Federal Rule of Criminal Procedure 48(a) "allow[s] courts to consider the 'public interest, fair administration of criminal justice and preservation of judicial integrity'" in determining whether to grant a dismissal without prejudice. *United States v. Poindexter*, 719 F. Supp. 6, 10 n. 10 (D.D.C. 1989) (quoting *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988)); *see also United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015) (same). The Court may reject a government motion for dismissal without prejudice and order a dismissal with prejudice. *Poindexter*, 719 F. Supp. at 10. Indeed, courts have an independent obligation to ensure that dismissal without prejudice would not prejudice a defendant.

Though there is "a strong presumption in favor of a no-prejudice dismissal, the ultimate decision in that regard depends upon the purpose sought to be achieved by the government and its effect on the accused." *Id*. "The primary reason for the 'leave of court' requirement [in Rule 48(a)] is to 'protect a defendant from harassment, through a prosecutor's charging, dismissing without having placed a defendant in jeopardy, and commencing another prosecution at a different time or place deemed more favorable to the prosecution.'" *United States v. Pitts*, 331 F.R.D. 199, 202 (D.D.C. 2019) (quoting *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973)); *Rinaldi v. United States*, 434 U.S. 22, 30 n.15 (1977).

Finding that a defendant would be subject to harassment through dismissal without prejudice does not require a showing of bad faith on the part of the government. "[T]he question is not whether the government was acting in bad faith, but rather whether the actions of the government objectively amounted to harassment." *Pitts*, 331 F.R.D. at 203; *see also United States v. Salinas*, 693 F.2d 348, 353 (5th Cir. 1982) (indictment should have been dismissed with prejudice where government moved to dismiss due to dissatisfaction with selected jury). The Court must consider the purpose the government is seeking to achieve and the effect on the accused. *United States v. Madzarac*, 678 F. Supp. 3d 42, 46 (D.D.C. 2023); *United States v. Adams*, 777 F. Supp. 3d 185, 217 (S.D.N.Y. 2025) ("A court can determine whether the potential for harassment renders a dismissal with prejudice in the public interest by looking at the *purpose* of the government's dismissal and the *effect* it has on the defendant." (quoting *Madzarac*, 678 F. Supp. 3d at 46)). If dismissal would result in harassment to the defendant, dismissal without prejudice will *never* be in the public interest because "[i]t is obvious that the public interest is not served by harassing the defendant." *Salinas*, 693 F.2d at 351 n.15; *see also United States v. Omni Consortium, Inc.*, 525 F. Supp. 2d 808, 812 n.3 (W.D. TX 2007).

Dismissal of an indictment for the purpose of re-bringing it at a time or place more favorable to the government is precisely the type of conduct that Rule 48(a) was designed to prevent. *Rinaldi*, 434 U.S. at 29 n.15 ("The principal object of the 'leave of court requirement is . . . to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection."). The leave of court requirement included in Rule 48(a) has been characterized as a "power to check power," *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975)—an "essential check on potential misconduct by the executive branch," *United States v. James*, 861 F. Supp. 151, 155 (D.D.C. 1994).

"To ensure that the government's request for dismissal of criminal charges 'sufficiently protects the public,' the government may be required to submit 'a statement of reasons or underlying factual basis,' which must be 'substantial' to justify the dismissal and not 'a mere conclusory statement.'" *United States v. Mangia¸* 2025 WL 266493 (Jan. 22, 2025) (Howell, J.) (quoting *Ammidown*, 497 F.2d at 620). Here, the government has provided no "sufficient basis for avoiding dismissal with prejudice." *Poindexter*, 719 F. Supp. at 11. Indeed, unlike in other cases, the government submits *no reason* for why it seeks to dismiss this case, much less a basis for why dismissal with prejudice should be avoided.

The underlying basis for the government's decision is likely the return by the federal grand jury of at least nine no true bills in similar cases following the government's presentation of its case in those cases. Dissatisfied with the decisions of the grand jury, the government has been dismissing or charging lesser charges in an attempt to avoid the participation of any jurors in the determination of the charges against defendants in these cases. In doing so, the government is simply seeking a more advantageous position which Rule 48 prohibits. *See Pitts*,

331 F.R.D at 201 ("[b]ecause dismissal without prejudice constitutes a strategic use of Rule 48 prohibited under District of Columbia Circuit precedent…and objectively amounts to prosecutorial harassment, the Court will dismiss the indictment with prejudice"); *United States v. Simmons*, Case No. 18-cr-344 (EGS), 2022 WL 1302888 at *19 (D.D.C. May 2, 2022) (Sullivan, J.) ("Courts have found that government conduct constitutes harassment if the reason for the dismissal is to gain a tactical advantage.").

The complaint in this matter charges Ms. McIntyre with assaulting a federal officer in violation of 18 U.S.C. § 111.  But given the government's inability to obtain an indictment against defendants, and the timing of the government's filing of the motion to dismiss, *i.e.*, two days before the preliminary hearing, the Court should be concerned.  Indeed, the government filed its motion to dismiss only to refile the charge against Ms. McIntyre in Superior Court, where the offense constitutes a misdemeanor and the government can avoid a grand jury. This "objectively amount[s] to harassment" by allowing "the prosecutor to dismiss charges but nevertheless keep them in abeyance for an indefinite period of time in the hope or expectation that something will turn up to remove the complications" of the initial prosecution. *Poindexter*, 719 F. Supp. at 11. Courts should not dismiss charges without prejudice to permit the government to "'*commence[] another prosecution at a different time or place deemed more favorable to the prosecution.*'" *Id.* (emphasis in original) (quoting *Ammidown*, 497 F.2d at 620). "[S]uch a strategy of dismissing a case without prejudice in order to bring it again under more advantageous circumstances is precisely the kind of tactical situation that is prohibited by Rule 48(a) and its progeny." *United States v. Borges*, 153 F. Supp. 3d 216, 220 (D.D.C.) (quotation marks omitted); *United Salinas*, 693 F.2d at 353.

Indeed, the Fifth Circuit has found dismissal with prejudice appropriate where the

government sought dismissal without prejudice simply to bring the charges before a different jury. *Salinas*, 693 F.2d 348. In *Salinas*, the Fifth Circuit held that where the government sought dismissal because "[t]he government was simply displeased with the selected jury," the government could not retain the right to bring the charges again and get a second bite at the apple of picking a jury. The logic of *Salinas* extends to grand juries as well.

The government here is seeking the ability to hold the charges in abeyance indefinitely to perhaps someday put its case before a different grand jury. Given the gate-keeping function the leave of court requirement serves, when deciding whether to grant leave to dismiss under Rule 48, a court cannot simply "rubber stamp [ ] the prosecutor's decision." *Ammidown*, 497 F.2d at 622. Protecting the defendant from "prosecutorial harassment, *e.g.*, charging, dismissing, and recharging," must be the court's "primary" consideration when deciding whether to grant the government leave to dismiss post-indictment. *Rinaldi*, 434 U.S. at 30 n.15; *see also United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965). Here, the government has engaged in precisely the "prosecutorial harassment" that the Supreme Court has held Rule 48 is designed to prevent: "charging, dismissing, and recharging" a case at a time or place more beneficial to the government. *Rinaldi*, 430 U.S. at 30 n.15. The "prospect of reindictment" cannot be permitted to "hang[] like the proverbial Sword of Damocles over the accused." *United states v. Adams*, 777 F. Supp. 3d 185, 216 (S.D.N.Y. 2025).

Several courts in this district have dismissed cases with prejudice to avoid similar government attempts to obtain a tactical advantage. *See, e.g., Pitts*, 331 F.R.D. 199 (dismissing with prejudice where government failed to timely obtain DNA testing consistent with court's discovery order and sought dismissal to obtain testing and bring charges again); *Borges*, 153 F. Supp. 3d at 220 (D.D.C. 2015) (dismissing with prejudice where government sought dismissal

without prejudice in the hope that witness problem would later be cured); *Poindexter*, 719 F. Supp. 6 (dismissing with prejudice charges government sought to dismiss without prejudice because classified information precluded presentation of evidence, finding that allowing government such tactical advantage would be harassment).

The unusual circumstances of this case similarly support dismissal with prejudice. *Borges*, 153 F. Supp. at 220 (finding dismissal with prejudice warranted where facts unusual and unlike typical cases). Dismissal with prejudice is particularly appropriate where "the "integrity of the government's case has been tainted." *Id.*

The government's decision to bring excessive federal charges and then failing to meet its burden before a grand jury is an unusual circumstance. The frequency of such "no-bills" in recent weeks demonstrates a pattern of abuse by the United States Attorney's Office. Indeed, while discussing this case with the media, seasoned federal prosecutors assert this is something they have never seen. One former member of the U.S. Attorney's office told CBS News, "Not only have I never heard of this happening, I've never heard of a prosecutor who's heard of this happening."[1] Another asserted that "[i]t is exceptionally rare for federal grand juries to reject proposed changes, given the low evidentiary bar for indictment and the Justice Department's policy of pursuing cases only when there is sufficient evidence to both secure and sustain a conviction."[2] Yet another former prosecutor told National Public Radio that between his 35 years

---

[1] Scott McFarlane, *D.C. grand jurors reject latest wave of Justice Dept. indictment requests*, CBS News (Sept. 3, 2025).

[2] *Id.; see also* 9 Justice Manual § 9-27.220 (An "attorney for the government should comment or recommend federal prosecution if he/she believes that the persons' conduct constitutes a federal offense, and that the admissible evidence will probably be sufficient to obtain and sustain a conviction.").

of experience and a former colleague's 25 years of experience, they were aware of only one failure to obtain an indictment by the U.S. Attorney's Office: "We compared notes last week. He never had a case no-billed by the grand jury, and I just had one."[3]

The U.S. Attorney's Office recently argued that the return of multiple "no-bills" by federal grand juries demonstrates that "[t]he system here is broken on many levels."[4] To the contrary, the grand juries are exercising their constitutional duty to reject the U.S. Attorney's overreach. The grand jury is an important constitutional protection against trumped up charges and a feature of our criminal justice system, not a bug. The Fifth Amendment guarantees that no American will be subject to a felony prosecution without the government first proving to a grand jury of the defendant's peers that it has probable cause to initiate the prosecution. U.S. Const. amend. V. Current events are proving in real time why the Founders put this protection in place. The U.S. Attorney's statements publicly disparaging the work of the grand jury is yet another unusual circumstance justifying dismissal with prejudice.

## II.      The Speedy Trial Act

The Speedy Trial Act requires the filing of an information or indictment within 30 days of a defendant's arrest. Ms. McIntyre was arrested on August 26, 2025, and the 30 days will expire on September 25, 2025. The Act provides, "If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the [30-day] time limit required . . . such charge against the individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). When

---

[3] Carrie Johnson, *As Trump cracks down on D.C. crime, grand juries emerge as a check on overreach*, National Public Radio (Sept. 5, 2025).

[4] McFarlane, *supra*.

determining whether to dismiss with or without prejudice, the Court must consider: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." *Id.*

Here, the 30 days allotted for the government to obtain an indictment has nearly passed and the government has not and will not obtain an indictment within that time. Because the government has failed to obtain an indictment, as contemplated in § 3162, the Court should consider the factors outlined for deciding whether to dismiss with prejudice. All three of these factors support dismissing the complaint with prejudice.

*Seriousness of the offense.* Of course, accusing someone of assaulting a federal officer is not a frivolous charge. Here, Ms. McIntyre was accused of spitting on an officer and kicking another in the shin as officers attempted to arrest her. There was no allegation that she caused serious injury.

*The facts and circumstances of the dismissal.* As discussed above, the facts and circumstances around the dismissal here are highly unusual. The government seeks to avoid the grand jury.

*The impact of reprosecution.* The government reprosecuting this case would be a substantial, unnecessary burden on judicial economy and this Court. The government has no charged and has sought to dismiss approximately 13 cases. The initial charges in these cases appear to have been a waste of judicial resources. Allowing the government the option of recharging these cases would only compound that waste. Ms. McIntyre should not have to live in fear that the government will do so.

## **CONCLUSION**

Pursuant to Rule 48 and the Speedy Trial Act, the Court should dismiss the charges against Ms. McIntyre with prejudice.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500